```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF KENTUCKY
                        LOUISVILLE DIVISION
```

**CIVIL ACTION NO. 3:16-CV-757 (WOB)**

**DARLENE KELLY**                                            **PLAINTIFF**

**VS.**            <u>**MEMORANDUM OPINION AND ORDER**</u>

**AMERICAN FOODS GROUP,**
**ET AL.**                                                  **DEFENDANTS**

This matter is before the Court on Plaintiff's motion to remand. (Doc. 7). Having reviewed this matter, the Court concludes that oral argument is unnecessary. The Court now issues the following Memorandum and Order.

*FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff Darlene Kelly brings this action against defendants American Food Groups, LLC ("AFG"), America's Service Line, LLC ("ASL"), and Luis Alvarado. Plaintiff alleges a semi-truck driven by Alvarado collided with her vehicle, causing injuries to her neck, shoulders, and back. (Doc. 1-1, Complaint, at 2, PageID #: 14). Plaintiff alleges the accident was a result of Alvarado's "negligence and/or gross negligence" and negligence *per se*. (*Id.* at 5-6, PageID #: 17-18). Plaintiff also alleges that AFG and ASL are vicariously liable for the damages caused by Alvarado. (*Id.* at 7, PageID #: 19). Additionally, Plaintiff contends that AFG

"and/or" ASL were negligent in their hiring, supervision, and training of Alvarado. (*Id.*)

Plaintiff filed her complaint in the Jefferson County Circuit Court on October 26, 2016. (Doc. 1, Notice of Removal, at 1, PageID #: 1). On November 30, 2016, Defendants removed the case to the District Court for the Western District of Kentucky. (*Id.*) Due to Plaintiff's employment with the Clerk's office in that Court, the case was reassigned to the undersigned. (Doc. 11, Defendant's Response, at 2, PageID #: 114). Defendant invokes federal jurisdiction under 28 U.S.C. § 1332, alleging that the parties have complete diversity and the amount in controversy exceeds $75,000. (Doc. 1, Not. of Rem. at 2, PageID #: 2).

ASL employed Alvarado at the time of the accident, and ASL also owned the semi-truck. (Doc. 11-1, Affidavit of Dominick Driano, Jr., at 1, PageID #: 124). AFG owned the truck's cargo. (*Id.*) ASL is also the in-house carrier of AFG, which AFG has described as a "division" of the company in past judicial filings. *See Kirkvold v. Dakota Pork Indus., Inc.*, Civ. No. 97–4166, 1997 WL 34862262, at *3 (D.S.D. Dec. 15, 1997). Furthermore, AFG has more than a 10 percent ownership interest in ASL. (Doc. 7-1, Pl.'s Memo. in Supp., at 6, PageID #: 77). AFG's general counsel avers that AFG did not personally "hire, train, supervise, or control Mr. Alvarado" at the time the accident occurred, and that ASL was

Alvarado's sole employer. (Doc. 11-1, Driano Aff., at 2, PageID #: 125).

Plaintiff is and was at all relevant times a citizen of Kentucky. (Doc. 1-1, Compl., at 2, PageID #: 14). Defendant Alvarado is and was a citizen of Pennsylvania. (*Id*. at 3, PageID #: 15). ASL is a limited liability company with its principal place of business in Wisconsin, registered in Delaware. (*Id*. at 2, PageID #14). Like ASL, AFG is a limited liability company with its principal place of business in Wisconsin, registered in Delaware. (*Id*.) AFG has two members, Rosen's Diversified, Inc., and RDI Shareholder, LLC. RDI Shareholder is a limited liability company whose members consist of sixteen (16) trusts, with at least one trustee being a citizen of Kentucky. (*Id*. at 3, PageID #:15). Plaintiff also asserts that ASL is citizen of Kentucky through AFG, as ASL is a "division" of AFG, and additionally AFG is a "principal member" of ASL. (Doc. 13, Pl.'s Repl., at 2, PageID #: 129).

### ANALYSIS

**A.** ***AFG is not a "Nominal Party" for Diversity Purposes***

Defendants argue that AFG should not be relevant for diversity purposes because it is a "nominal party". (Doc.11, Def.'s Resp., at 4, PageID #: 116). In support, defendant relies on *Mortenson Fam. Dental Ctr. v. Heartland Dental Care, Inc.* 526 F. App'x 506 (6th Cir. 2013).

3

In *Mortenson*, the Sixth Circuit held, in a dispute between two parties over ownership rights in an LLC, that the citizenship of the LLC should not be considered for diversity purposes. *Id.* at 509. The Court stated that "[w]hen determining whether diversity jurisdiction exists, a federal court must disregard nominal parties and decide jurisdiction only on the citizenship of the real parties in interest." *Id.* at 508. The Sixth Circuit defines "a real party in interest [a]s one who is entitled to enforce the right asserted in the suit, that in turn depends on whether the party could actually obtain substantive relief." *Id.* at 508 (quoting *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d, 39, 42-43 (6th Cir. 1994)). "In contrast, a nominal party has no interest in the result of the suit and need not be a made a party." *Id.* at 508 (citing *Maiden v. N. Am. Stainless, L.P.*, 125 F. App'x. 1, 3 (6th Cir. 2004)).

The LLC in *Mortenson* was only relevant because the dispute concerned ownership in it under the terms of an operating agreement. *Id.* at 508. Neither of the parties contesting ownership claimed the LLC itself had engaged in any improper conduct, nor was the LLC even a party to the operating agreement. *Id.* The LLC "[did not assert] any rights and [would] not get any relief from the outcome of the suit." *Id.* Put another way, "The LLC is only a spectator on the sideline. That it will give a trophy to the winner does not make it a player in the game." *Id.*

4

at 509. The Court thus determined the LLC was not a "real party in interest" and excluded it for diversity purposes.

The present case is fundamentally different. Plaintiff is asserting multiple causes of action against AFG, with some direct claims and some vicarious liability claims. (Doc. 1-1, Compl., at 7-8, PageID #: 19-20). In *Mortenson*, neither party asserted any claim *against* the LLC. Here, Defendants argue that a "plain reading" of Plaintiff's complaint shows "the only theory of liability against both ASL and AFG is the allegation that both Defendants hired, trained, supervised, and/or employed Luis Alvarado at the time of the subject accident." (Doc. 11, Def.'s Resp., at 3, PageID #: 115).

This is incorrect. A plain reading of Plaintiff's complaint shows that Plaintiff is also alleging that, "as a result of the managerial control American Foods Group exercises of America's Service Line and its employees, it is jointly and severally liable." (Doc. 1-1, Compl., at 7, PageID #: 19). Plaintiff further alleges that "America's Service Line and/or American Food Groups selected and required Alvarado to take an unsafe route." (*Id.*) The affidavit of AFG's general counsel states only that ASL was the sole employer of Alvarado at the time of the accident, but it is silent on these other claims against AFG. (Doc. 11-1, Driano Aff., at 1-2, PageID #: 124-125). If the allegations against AFG have any substance, they will assuredly have an interest in the

5

outcome of the suit. AFG thus is not merely "a spectator on the sidelines" of this litigation. *Mortenson,* 526 F. App'x at 509.

For these reasons, AFG is not a "nominal party" and its citizenship is relevant in determining diversity.

"The general rule is that all unincorporated entities — of which a limited liability company is one — have the citizenship of each partner or member." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-92 (1990)).

The Supreme Court also regards the citizenship of all trustees as relevant in determining a trust's citizenship. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016).

Here, AFG is a limited liability company with two members: Rosen's Diversified LLC and RDI Shareholder LLC. (Doc. 11, Def.'s Resp., at 2, PageID #: 114). RDI Shareholder is composed of sixteen (16) trusts, one of which has a trustee with Kentucky citizenship. (*Id.*) Therefore, AFG itself has Kentucky citizenship for 28 U.S.C. § 1332 purposes. *Delay*, 585 F.3d at 1005. Due to AFG's and Plaintiff's shared Kentucky citizenship, diversity jurisdiction is lacking.

### B. AFG is also a "Primary Member" of ASL

ASL is a "division" of AFG and its in-house carrier. *Kirkvold*, 1997 WL 34862262, at *3. Plaintiff asserts AFG owns more than a 10 percent interest in ASL as a "primary member," based

on Rule 7.1 disclosures. (Doc. 7-1, Pl.'s Memo. in Supp., at 6, PageID #: 77). Therefore, ASL has the same citizenship as AFG for diversity purposes. "[L]imited liability companies share the citizenship of each partner or member." *Watkins v. Trust Under Will of Bullit,* Civ. No. 3:13–CV–01113–TBR, 2014 WL 2981016, at 2* (W.D. Ky. July 1, 2014). "[T]he Supreme Court has consistently required consideration of the citizenship of all members of such associations when determining diversity jurisdiction." *SHR Limited Partnership. v. Braun,* 888 F.2d 455, 459 (6th Cir. 1989). "[B]ecause a member of a limited liability company may itself have multiple members — and thus may itself have multiple citizenships — the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005 (citing *Hicklin Eng'g L.C. v. Bartell*, 439 F.3d 346, 347-348 (7th Cir. 2006)).

ASL's primary member is apparently AFG. As discussed above, AFG has two members itself, Rosen's Diversified and RDI Shareholder, with RDI Shareholder having sixteen (16) trusts, one of which has a Kentucky trustee. ASL therefore has Kentucky citizenship for diversity purposes.

Because diversity jurisdiction is not present in this matter, the Court must remand the case to state court.

Therefore, having reviewed this matter, and being otherwise sufficiently advised

**IT IS ORDERED that** Plaintiff's motion to remand to Jefferson Circuit Court (Doc. 7) be, and is hereby, **GRANTED**, and this case is hereby **REMANDED** to the Jefferson County Circuit Court from whence it was removed.

This 4th day of April, 2017.



Signed By:
*William O. Bertelsman* WOB
United States District Judge